## DUNN v. GRIFFITH. *
### No. 3745.

Court of Appeal of Louisiana. Second Circuit.
Nov. 18, 1931.

Parsons & Colvin, of Mansfield, for appellant.

Lee & Williams, of Mansfield, for appellee.

DREW, J.

On December 5, 1928, Peter F. Dunn and Elmo P. Lee filed suit against W. J. Griffith, alleging themselves to be the owners in indivision of the S. W. ¼ of N. W. ¼, the N. W. ¼ of the S. W. ¼, and the S. E. ¼ of the N. W. ¼ of section 1, township 13 north, range 12 west, and the S. W. ¼ of S. W. ¼ of section 35, township 14 north, range 12 west, in De Soto

*Rehearing granted December 9, 1931.

parish, La., setting up a chain of title from the United States government to themselves.

They alleged: That at some time during the year 1927, the exact time being unknown to them, W. J. Griffith, acting for himself or as agent for persons whose names are unknown, in person and through employees who took orders from the said Griffith, entered upon and trespassed upon the said described property and cut and removed therefrom timber as follows: Pine timber, 134,761 feet; oak timber, 98,323 feet. That the pine timber was worth $10 per thousand feet, or $1,347.61, and the oak timber was worth $8 per thousand feet, or $768.58. That the said Griffith's illegal act in cutting and removing said timber has damaged petitioners in the sum of the value of said timber, to wit, $2,134.19. That Peter F. Dunn first had knowledge of the cutting and removal of said timber on or about December 9, 1927, and that Elmo P. Lee had knowledge thereof about March 30, 1920. They prayed for judgment in accordance with the allegations of said petition.

Defendant in answer denied every allegation of plaintiff's petition, and further alleged: That defendant, neither directly or through agents or employees, trespassed, cut, or removed any timber from the lands referred to in plaintiff's petition. That defendant is president of and one of the directors of W. J. Griffith Company, Incorporated, and that he has been acting as receiver of said corporation under appointment of the Eleventh judicial district court for De Soto parish, La., since or about the —— day of ——, 1927. That during the years 1926 and 1927, the said corporation did cut and remove certain timber from the N. W. ¼ of S. W. ¼ of section 1, township 13 north, range 12 west, being a portion of the property referred to in plaintiff's petition. That said timber was cut in good faith, acting as owner thereof under a purchase of the same from Mrs. Bertie W. Cloud et al., as shown by act of sale dated September 16, 1926. That its vendors were the sole heirs at law of Mrs. Ellen C. Williams, their mother, now deceased, who acquired the said property from S. F. Christopher by act of sale dated November 7, 1896, and that its vendors, Mrs. Cloud and Mrs. Williams, had maintained actual physical possession under deed in good faith as owners for more than ten years, and therefore acquired an indefeasible title thereto. Defendant also prayed for the demands of plaintiff to be rejected.

On these issues the case was tried on February 4, 1929, and judgment was not rendered until June 6, 1929. On May 18, 1929, defendant filed a plea of prescription of one year, under articles 3536 and 3537 of the Revised Civil Code. The judge of the lower court sustained the plea of prescription of one year as to Peter F. Dunn, and overruled it as to Elmo P. Lee, and rendered judgment for Elmo P. Lee against defendant in the sum of $228.40,

being one-half the value of the timber cut and removed, as found by the lower court.

On trial of this case in the lower court, it developed that plaintiff had misdescribed one 40-acre tract, alleging on the S. W. ¼ of the N. W. ¼ of section 1, township 13 north, range 12 west, when he intended suing for the timber cut on the S. W. ¼ of the S. W. ¼ of section 1, township 13 north, range 12 west. Thereafter, on March 28, 1929, one of the plaintiffs in the former suit, Elmo P. Lee, filed suit for one-half the value of the timber cut and removed from the last described 40-acre tract. As more than one year had elapsed since the knowledge of the removal of the timber had come to Peter F. Dunn, he was not made a party plaintiff. The pleadings in this last suit, except as to the amount of timber cut and removed, are the same as in the former suit, and were submitted on the same evidence, together with a letter from J. B. Bice showing the quantity of timber estimated by him to have been cut by W. J. Griffith Company, Incorporated.

The judgment of the lower court was in favor of plaintiff for the sum of $163.78, with interest thereon, being one-half the value of the timber cut by defendant on the said 40 acres, as found by the lower court. By agreement of counsel, the two cases were consolidated for trial in this court, and came up to this court as one record.

The defendant, W. J. Griffith, is the only party who perfected an appeal; neither of the plaintiffs in either suit did so, and only the plaintiff Peter F. Dunn, has answered the appeal, praying that the judgment of the lower court rejecting his demands be reversed and that he have judgment in his favor for the same amount that was awarded Elmo P. Lee in his suit.

Defendant and appellant in this court contends that Peter F. Dunn is not properly before this court, and that the judgment of the lower court rejecting his demands is final. We think his contention is correct. In so far as plaintiff, Elmo P. Lee, is concerned, Peter F. Dunn was not a necessary party plaintiff; neither is he a necessary party to the appeal, in so far as the defendant and Elmo P. Lee are concerned. Peter F. Dunn's demands were rejected by the lower court, and he has not perfected his appeal from that judgment. He cannot bring himself into this court by answering an appeal perfected by defendant who was cast in a judgment in favor of Elmo P. Lee. Defendant won its suit in the lower court as against Peter F. Dunn, and had no reason nor was there any necessity to appeal from that judgment. The only way that plaintiff Dunn could have this court review the judgment rejecting his demands would be to appeal therefrom, and this he has failed to do.

There is no serious dispute between appellant and appellees over the value placed by the

lower court on the timber cut and removed. The only questions to determine here are the plea of ten-year prescription and the liability of W. J. Griffith in person.

Plaintiff Elmo P. Lee has shown a perfect title in himself from the United States government down to date, and it is incumbent upon defendant to prove its alleged prescriptive title to the two 40's it claims, namely, W. ½ of S. W. ¼ of section 1, township 13 north, range 12 west. However, it is incumbent upon plaintiff Lee to prove that the acts of defendant were such as to make him personally liable for the cutting of the timber on the entire tract by the employees of the corporation of which he was president and receiver. The record discloses that defendant acquired the timber on the W. ½ of S. W. ¼ of section 1, township 13 north, range 12 west, as alleged in his answer, and that his authors in title acquired said land, with other lands, from S. J. Christopher, in the year 1896, but fails to show any title to this land in the said Christopher. The record discloses that, in the extreme southeast corner of the S. W. ¼ of section 1, there had been in cultivation a small tract consisting of from 12 to 15 acres, but it is not shown by whom it was cultivated or when. No witness testified that plaintiff's authors in title were in possession of this small tract in the southeast part of the S. W. ¼ of section 1 for ten years. It is true that the entire S. W. ¼ of section 1 was included in the deed to defendant's authors in title from Christopher, but there is no evidence to show actual corporeal possession of this tract by any of plaintiff's authors in title.

However, if we should find that defendant's authors in title did have actual corporeal possession of this small tract in the southeast part of the S. W. ¼ of section 1, it would be of no avail to them, as the record discloses that the Kingston Lumber Company cut all the timber on the W. ½ of the S. W. ¼ of section 1, in the year 1912, at a time when it was the record owner, and any possession had at that time by defendant's authors they were divested of by the possession taken by the lawful owner. The Kingston Lumber Company, the record owner in 1912, took actual corporeal possession of the W. ½ of S. W. ¼ of section 1 and cut the timber therefrom, and continued in civil possession until it sold the property in 1917 to Elmo P. Lee and J. A. Jackson. Therefore defendant's plea of prescription of ten years falls.

When defendant attempted to take title to the timber on the W. ½ of the S. W. ¼ of section 1, he knew that the record title was in plaintiffs, Elmo P. Lee and Peter F. Dunn. He does not claim title to the other two 40's from which he cut and removed timber. He was president and receiver for the Griffith Company, Incorporated, and directly in charge of its affairs. He attempted to go on the W. ½ of the S. W. ¼ of section 1 and show his employees the timber to cut. This act of his, under the circumstances above set out, was illegal and tortious. What land he pointed out to the employees is not shown, but at the same time they cut and removed timber from all four of the 40's. Defendant, by his unlawful act, made himself liable, jointly and in solido, with the corporation he was representing as president and receiver. We see no error in the judgment of the lower court.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed, with costs.